IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES MATOS, | § | |
| | § | No. 149, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1003000386 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 30, 2015
Decided: September 29, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 29th day of September 2015, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On November 9, 2010, a Superior Court jury convicted the appellant, James Matos, of Arson in the Second Degree, Criminal Trespass in the First Degree, Reckless Endangering in the First Degree, Cruelty to Animals, Harassment, and three counts of Breach of Bond Conditions. On January 28, 2011, the Superior Court declared Matos a habitual offender and sentenced him as follows: for Arson in the Second Degree, fifteen years at Level V; for Reckless Endangering in the First Degree, five years at Level

V; for three counts of Breach of Bond Conditions, a total of six years at Level V; Criminal Trespass in the First Degree, one year at Level V suspended for one year at Level III; for Harassment, one year at Level V suspended for one year at Level III; and for Animal Cruelty, one year at Level V suspended after six months for six months at Level III. On direct appeal, this Court affirmed the Superior Court's judgment.[1]

(2) On March 5, 2012, Matos filed a timely motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Later in March and again in April 2012, Matos filed a motion for appointment of counsel. By order dated April 23, 2012, a Superior Court Commissioner denied the motion for appointment of counsel. By order dated May 9, 2012, the Commissioner denied Matos' motion to reconsider the denial of counsel.

(3) On January 23, 2013, after considering Matos' postconviction motion as amended, the affidavits and supplemental affidavits submitted by Matos' trial and appellate counsel, the State's response to the postconviction motion, and Matos' reply, the Commissioner issued a report recommending that the motion for postconviction relief should be denied. By order dated July 26, 2013, after *de novo* review and consideration of Matos' objections

---

[1] *Matos v. State*, 2011 WL 2732575 (Del. July 13, 2011).

to the Commissioner's report and recommendation, the Superior Court adopted the report and recommendation and denied the postconviction motion.

(4) Matos filed an appeal from the Superior Court's July 26, 2013 order denying his motion for postconviction relief. On appeal, this Court concluded, based on a recent amendment to Rule 61(e)(1) and the circumstances in Matos' case, that the Superior Court's denial of counsel was an abuse of discretion.[2] By Order dated December 5, 2013, the Court vacated the July 26, 2013 order denying the motion for postconviction relief, and remanded the case to the Superior Court for the appointment of counsel and further proceedings.[3]

(5) On February 27, 2014, the Superior Court appointed counsel for Matos (hereinafter "Postconviction Counsel"). Postconviction Counsel was ordered to file, by May 30, 2014, an amended motion for postconviction relief or a statement that the motion would proceed without an amendment.

---

[2] Effective May 6, 2013, the Superior Court amended Rule 61(e)(1) to provide for the appointment of counsel for an indigent defendant's first postconviction proceeding. Although Matos initiated his postconviction proceeding in 2012, prior to the effective date of the amendment, the Court concluded that counsel should have been appointed in Matos' case. The Court notes that, in February 2014, Rule 61(e)(1) was amended to limit the appointment of counsel to a "first *timely* postconviction proceeding" (emphasis added). In June 2014, Rule 61(e)(1) was further amended to distinguish between first timely postconviction proceedings requiring the appointment of counsel and first timely postconviction proceedings where counsel is appointed in the judge's discretion.
[3] *Matos v. State*, 2013 WL 6459056 (Del. Dec. 5, 2013).

In the alternative, if Postconviction Counsel concluded, upon review of the record, that Matos' postconviction motion was lacking in merit and that the record did not reflect another basis for relief, Postconviction Counsel could file a motion to withdraw under Rule 61(e)(2). Postconviction Counsel requested and received an extension of time, until August 28, 2014, to file the amended motion for postconviction relief, the statement, or the motion to withdraw.

(6)     On August 28, 2014, Postconviction Counsel filed a motion to withdraw and supporting memorandum under Rule 61(e)(2). Postconviction Counsel represented that he had carefully reviewed the record and determined that Matos' postconviction motion was without merit and that the record did not suggest any other grounds for relief. Matos filed an objection to Postconviction Counsel's motion to withdraw, raising one claim for the Superior Court's consideration.

(7)     On February 19, 2015, a Superior Court Commissioner issued a report recommending that Matos' motion for postconviction relief should be denied, and that Postconviction Counsel should be granted leave to withdraw.[4]   The Commissioner concluded that Matos' postconviction motion "is without merit and devoid of any other substantial claims for

---

[4] State v. Matos, 2015 WL 739954 (Del. Super. Comm'r Feb. 19, 2015).

4

relief," and that Postconviction Counsel "made a conscientious effort to examine the record and the law and has properly determined that [Matos] does not have a meritorious claim" for relief.[5] By order dated March 11, 2015, the Superior Court adopted the Commissioner's report and recommendation, denied Matos' postconviction motion, and granted Postconviction Counsel's motion to withdraw.

(8)  On March 26, 2015, Matos filed this appeal from the Superior Court's March 11, 2015 order denying his motion for postconviction relief. At the direction of the Clerk, Postconviction Counsel filed a formal notice of appeal.  Thereafter, Postconviction Counsel moved for the appointment of substitute counsel on the basis that Postconviction Counsel was unable to provide "meaningful advocacy" on appeal given his position in the Superior Court that the record did not suggest any grounds for relief.[6] By Order dated April 15, 2015, the Court the granted the motion and appointed substitute counsel (hereinafter "Substitute Counsel").

---

[5] *Id.*, at *6.
[6] Effective June 1, 2015, this Court amended Rule 26(a)(2) and the Superior Court amended Rule 61(e)(6), formerly Rule 61(e)(2), to clarify the continuing obligations of a court-appointed postconviction lawyer who is granted leave to withdraw by the Superior Court.

(9)     On July 13, 2015, Substitute Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c).[7]  Substitute Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.   Substitute Counsel represents that he provided Matos with a copy of the motion to withdraw and the accompanying brief, and that he informed Matos of his right to submit points for the Court's consideration.  Matos has not submitted any points for the Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(10)   When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[8]  The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[9]

(11)   In this case, having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[10] the

---

[7] *See* Del. Supr. Ct. R. 26(c) (governing appeals without merit).
[8] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[9] *Penson v. Ohio*, 488 U.S. at 81.
[10] *Id.* at 80.

Court concludes that Matos' appeal is "wholly without merit."[11]  The Court is satisfied that Substitute Counsel made a conscientious effort to examine the record and the law and properly determined that Matos could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[11] *See supra* note 7.